**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COOKEVILLE DIVISION**

| | | |
|---|---|---|
| **KENNETH HAMILTON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **NOS.  2:16-cv-00045** |
| | ) | **2:16-cv-00049** |
| **UNITED STATES OF AMERICA,** | ) | **CHIEF JUDGE CRENSHAW** |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court are the Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Doc. No. 1), the Petitioner's Supplemental Brief (Doc. No. 7), and the Government's Response (Doc. No. 10).[1]  For the reasons set forth herein, the Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Doc. No. 1) is GRANTED.  The Petitioner will be re-sentenced by separate order in Criminal Case No. 2:10-cr-00015.

### II. Procedural and Factual Background

In the underlying criminal case, the Petitioner pled guilty, before Judge Nixon, to three counts of unlawful possession of a firearm by a convicted felon. (Doc. Nos. 51, 52 in Case No. 2:10cr00015). Through the Plea Agreement, the Petitioner acknowledged that he had three or more prior convictions for violent offenses and that he was subject to sentencing as an Armed Career

---

[1]  By prior Order (Doc. No. 4), now-retired Judge John T. Nixon concluded that the issues presented by the Petitioner in Case No. 2:16cv00049 were subsumed in those presented by the Petitioner in Case No. 2:16cv00045, and consolidated the two cases.

Criminal. (Doc. No. 52, at 15, in Case No. 2:10cr00015). The Plea Agreement also contemplated cooperation by the Petitioner potentially leading to a motion by the Government for a reduced sentence for substantial assistance. (Id., at 10-14). At the subsequent sentencing hearing, on March 8, 2012, the parties jointly recommended imposition of the mandatory minimum statutory sentence for an Armed Career Criminal of 180 months of imprisonment, and Judge Nixon adopted that recommendation. (Doc. Nos. 100, 101, 102, 108 in Case No. 2:10cr00015). The record reveals that no appeal was filed.

III. <u>Analysis</u>

A. <u>The Section 2255 Remedy</u>

28 U.S.C. Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In order to obtain relief under Section 2255, the petitioner must demonstrate constitutional error that had a "'substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" <u>Hamblen v. United States</u>, 591 F.3d 471, 473 (6th Cir. 2009)(quoting <u>Griffin v. United States</u>, 330 F.3d 733, 736 (6th Cir. 2003)).

The court should hold an evidentiary hearing in a Section 2255 proceeding where a factual dispute arises, unless the petitioner's allegations "'cannot be accepted as true because they are

contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013)(quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). In addition, no hearing is required where "the record conclusively shows that the petitioner is entitled to no relief." Arredondo, 178 F.3d at 782 (quoting Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996)). See also Fifer v. United States, 660 F. App'x 358, 359 (6th Cir.  Aug. 22, 2016).

Having reviewed the pleadings, briefs and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs and records filed in this case, the Court finds that it need not hold an evidentiary hearing in this case to resolve the Petitioner's claims. The record conclusively establishes that the Petitioner is entitled to relief on his claims for the reasons set forth herein.

B. Petitioner's Status as an Armed Career Criminal

Relying on Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and United States v. Stitt, 860 F.3d 854 (6th Cir. 2017), the Petitioner argues that he no longer qualifies for sentencing as an Armed Career Criminal based on his prior Tennessee convictions for aggravated burglary.

In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

(2) As used in this subsection–

* * *

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added). In Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that the Johnson decision announced a substantive rule that applies retroactively on collateral review. In Stitt, 860 F.3d at 856, the Sixth Circuit held that a conviction for aggravated burglary under Tennessee law does not qualify as a "violent felony" under the ACCA.

In its Response, the Government agrees that the Petitioner no longer qualifies as an Armed Career Criminal and is eligible for re-sentencing.

The Court agrees that the Petitioner no longer qualifies as an Armed Career Criminal based on his prior convictions for aggravated burglary, and that he is entitled to re-sentencing. Accordingly, the Motion To Vacate is GRANTED, and the Petitioner will be re-sentenced by separate order in Case No. 2:10cr00015.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
Chief United States District Judge

4